IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

HILARIO CARREON-ACUNA (01)
a/k/a "Juan Rojas-Romero"

No. 4:23-CR-017-O

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Hilario Carreon-Acuna ("the Defendant"), the Defendant's attorney, and the United States of America ("the government"), agree as follows:

1. **Rights of the Defendant**: The Defendant understands that he has the right:

   a. to plead not guilty;
   b. to have a trial by jury;
   c. to have his guilt proven beyond a reasonable doubt;
   d. to confront and cross-examine witnesses and to call witnesses in his defense; and
   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The Defendant waives these rights, waives any defenses he may have based on any statute of limitations, and pleads guilty to the offense alleged in Count One of the Information, charging Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8). The Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence**:

The penalties the Court can impose include:
   a.   imprisonment for a period not to exceed fifteen (15) years;
   b.   a fine not to exceed $250,000;
   c.   a term of supervised release not to exceed three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;
   d.   a mandatory special assessment of $100;
   e.   restitution to victims or to the community; and
   f.   forfeiture of firearms and ammunition.

4. **Court's sentencing discretion and role of the Guidelines**: The Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court, and he will not be allowed to withdraw his plea if his sentence is higher than expected.

5. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, including the forfeiture of a Ruger LCP, .380 caliber pistol, bearing serial number 379058990, and all accompanying magazines and accessories. The defendant agrees

that this property is subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.  The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property.  The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

6. **Defendant's testimony**:  The Defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is he required to provide testimony concerning any other criminal offenses about which he has knowledge.  If he chooses to do so, however, his testimony must be complete and truthful.  Incomplete or dishonest testimony will be a breach of this agreement.

7. **Government's agreement**:  The government will not bring any additional charges against the Defendant based upon the conduct underlying and related to the Defendant's plea of guilty.

8. **Violation of agreement**:  The Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the Defendant for all offenses of which it has knowledge.  In such event, the Defendant waives any objections based upon delay in prosecution.  If the plea is vacated or

withdrawn for any reason other than a finding that it was involuntary, the Defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Representation of counsel**: The Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Waiver of right to appeal or otherwise challenge sentence**: The Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The Defendant further waives his right to contest his conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The Defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum

punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

12. **Limitation of Agreement**:   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the Defendant or any property.

13. **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 6th day of June, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
HILARIO CARREON-ACUNA
Defendant

_____
LEVI THOMAS
Assistant United States Attorney
Texas State Bar No. 24083963
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:   817-252-5455
Email: Levi.thomas@usdoj.gov

_____
PIA LEDERMAN
Attorney for Defendant

_____
ALEX LEWIS
Deputy Criminal Chief

Plea Agreement - Page 5

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_HILARIO-C-A_  _January 6 2023_
HILARIO CARREON-ACUNA      Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_[signature]_  _January 6 2023_
PIA LEDERMAN      Date
Attorney for Defendant

Plea Agreement - Page 6